UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

OMAR MARCELO JACQUES AS NEXT FRIEND
AND PARENT OF L.J., A MINOR CHILD,

   *Plaintiff,*

   *v.*

CITY OF MADISON AND ANTHONY VOGEL,

   *Defendants.*

Case No: 3:25-cv-1049

---

# COMPLAINT

---

Plaintiff Omar Marcelo Jacques, as next friend and parent of L.J., a minor child, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff L.J.'s constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On November 25, 2025, L.J., a teenager, was physically assaulted near Lucky Apartments on University Avenue in Madison, Wisconsin.

3. Madison Police Department Officer Anthony Vogel was dispatched to the scene. Vogel handcuffed, frisked, and searched L.J.

4. Vogel then placed L.J. in the back of his squad car and drove him to a hospital.

5.      L.J. was a victim of a crime. But Defendant Vogel kept him handcuffed in an emergency room lobby for over twenty minutes.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Madison is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

8.      Plaintiff L.J. is a minor resident of the State of Wisconsin.

9.      Omar Marcelo Jacques is a natural parent of L.J.

10.     Defendant City of Madison is a political subdivision of the state of Wisconsin and is or was the employer of Defendant Anthony Vogel and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

11.     Defendant Anthony Vogel was, at the time of this occurrence, employed as a police officer for the City of Madison Police Department.

12.     At all times Defendant Vogel interacted with Plaintiff on November 25, 2025, Vogel was on duty, acting under color of state law, ordinance, and regulation.

13.     At all times Defendant Vogel interacted with Plaintiff on November 25, 2025, Vogel acted within the scope of his employment with the City of Madison.

## FACTS

14. On November 25, 2025, while out with a friend, Plaintiff L.J. was assaulted during an attempted robbery by a group of men near Lucky Apartments on University Avenue in Madison, Wisconsin.

15. A bystander called 911, and Defendant Vogel was dispatched to the scene.

16. When Vogel arrived on scene, L.J. was disoriented and bleeding.

17. Vogel contacted L.J. and told him that he wanted to take him to a hospital.

18. L.J. told Vogel that he didn't want to go to the hospital.

19. Vogel then placed L.J., who is only 15, in handcuffs behind his back and forced him into the back of his squad car.

20. At no point did Defendant Vogel have reasonable suspicion or probable cause that L.J. was involved in criminal activity.

21. Vogel also frisked L.J. and searched his pockets despite having no reason to believe L.J. was armed and dangerous.

22. L.J. did not consent to Vogel searching his pockets.

23. Vogel did not obtain a warrant to search L.J.'s pockets.

24. Vogel then drove L.J. to the hospital.

25. Although L.J. did not want to go to a hospital, he did not physically resist Vogel taking him there.

26. At the hospital, L.J. remained handcuffed for at least 20 minutes during his initial medical evaluation and while awaiting further treatment.

27. Because L.J.'s hands were restrained behind his back, he was unable to clear blood from his mouth and had to repeatedly spit blood into a nearby garbage can while seated in a public emergency department waiting room.

28. During this time, L.J. was surrounded by multiple police officers.

29. As a direct and proximate result of the acts of Defendant Vogel, as detailed above, Plaintiff suffered, *inter alia,* mental distress, and humiliation.

## COUNT I:
### 42 U.S.C. § 1983 Claim for Unreasonable Seizure
### Unreasonably Taking L.J. to the Hospital

30. Plaintiff realleges the above paragraphs.

31. The actions of Defendant Vogel in seizing Plaintiff, without reasonable suspicion that Plaintiff had committed a crime, was committing a crime, or was going to soon commit a crime, violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. Vogel is thus liable under Section 1983.

32. Defendant Vogel unlawfully arrested L.J. without probable cause when he frisked, searched, handcuffed and placed L.J. in the back of his squad car.

33. The aforementioned actions of Defendant Vogel were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Vogel and because he acted in reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT II:
### 42 U.S.C. § 1983 Claim for Unreasonable Seizure
### Handcuffing L.J.

34.    Plaintiff realleges the above paragraphs.

35.    Defendant Vogel unreasonably handcuffed L.J. in violation of L.J.'s Fourth Amendment rights.

36.    At all times relevant to this action, Defendant Vogel engaged in the conduct complained of while acting under the color of law.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Vogel and because he acted in reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT III:
### 42 U.S.C. § 1983 Claim for Unreasonable Search
### Frisk and Pocket Search

37.    Plaintiff realleges the above paragraphs.

38.    Defendant Vogel unreasonably frisked L.J. and unreasonably searched his pockets in violation of L.J.'s Fourth Amendment rights.

39.    Defendant Vogel acted under color of law.

40.    The actions of Defendant Vogel in searching Plaintiff without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and he is therefore liable under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendant Vogel and because he acted in reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT IV:
## Indemnification Claim Against City of Madison

41.  Plaintiff realleges the above paragraphs.

42.  Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

43.  At all times relevant to this action, Defendant Vogel engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Madison.

WHEREFORE, Plaintiff asks this Court to find that the City of Madison is liable to defend this action against Defendant Vogel and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 23 December 2025,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ William E. Grau
John H. Bradley
  Wisconsin Bar No. 1053124
Jacob M. Stroup
  Wisconsin Bar No. 1089159
William E. Grau
  Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Jacob@StrangBradley.com
William@StrangBradley.com